### KING *v.* WESTBROOKS.

While it is not necessary in a suit on a promissory note to set out in the petition in figures the amount of interest due at the commencement of the suit, but an allegation that interest is due at a given rate from a given day will be sufficient to authorize a recovery of all interest due and payable on the debt, still, if the pleader sets forth a stated sum as due on a given day, no larger sum than that can be recovered as interest up to the date stated

Argued November 20, — Decided December 12, 1902.

Foreclosure of mortgage. Before Judge Reagan. Monroe superior court. April 7, 1902.

*Cabaniss & Willingham, J. B. Williamson,* and *E. G. Cabaniss, Jr.,* for plaintiff in error. *Persons & Persons,* contra.

Cobb, J. Westbrooks brought suit against Mrs. Carrie King, alleging that she had " executed unto him a certain mortgage note " for $415.96, maturing October 15, 1893, bearing interest from maturity at 8% per annum; that the defendant was committing waste upon the mortgaged premises; and praying that she be enjoined. Plaintiff amended his petition and prayed that the mortgage be foreclosed, and " that he be allowed to recover of [defendant] the sum of $391.76, as principal, and upon which there is due up to August the 1st the sum of $15.66 (total principal and interest due up to August 1st, 1899, $406.42), and all further interest from said date at the rate of eight per cent. per annum." There was also an amendment praying for a judgment for attorney's fees. The defendant filed several pleas, but at the trial relied only on one setting up that the original debt due plaintiff was partly hers and partly her husband's, and that she had paid all that was due by her. The verdict was in favor of the plaintiff for $367.10 principal, $102.20 interest to February 13, 1902, the date of the verdict, and $46.93 attorney's fees. The defendant excepts to a judgment overruling her motion for a new trial. The evidence was conflicting, but there

48

was evidence authorizing a finding in favor of plaintiff on the issue made by the defendant's plea.   We find no error which would require a new trial on this issue.   It is contended, however, that even if this is true, the verdict is too large.   The plaintiff claimed only $15.66 due as interest to August 1, 1899.   The interest on $367.10 from that date to February 13, 1902, is $74.37, which, added to $15.66, makes $90.03.   The verdict is therefore for $12.17 interest in excess of what the plaintiff is entitled to recover, if he is bound by the averment that only $15.66 interest was due on August 1, 1899.   Why should he be not so bound?   It was not necessary for him to have set out the exact amount claimed as interest, but, having done so, he can not recover any larger sum as interest up to the date referred to in the petition.   Direction is given that the verdict and judgment as to interest and attorney's fees be so amended as to conform to the above ruling, and that the costs of this writ of error and all costs that have accrued in the court below since the verdict be taxed against the defendant in error.

*Judgment affirmed, with direction.   All the Justices concurring, except Lumpkin, P. J., absent.*